UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YING WU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MARIE ANNETTE, et al.,<br><br>    Defendants. | Case No. 18-cv-07825-KAW<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO STATE COURT; ORDER GRANTING IN FORMA PAUPERIS APPLICATION**<br><br>Re: Dkt. Nos. 1, 3, 4 |

On January 31, 2019, Defendant Marie Annette removed this unlawful detainer action from San Mateo County Superior Court, and applied to proceed *in forma pauperis*. (Not. of Removal, Dkt. No. 1; IFP Appl., Dkt. No. 3.) On January 2, 2019, Plaintiff Ying Wu filed a motion to remand. (Dkt. No. 4.)

As removal is clearly improper, and the parties have not consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that the case be remanded to state court. Additionally, the Court grants Defendant's application to proceed *in forma pauperis.*

## I. BACKGROUND

On June 18, 2018, Plaintiff allegedly served a written notice on Defendant to pay rent or quit within three days. (Not. of Removal at 11.) Plaintiffs commenced this unlawful detainer action against Defendant in San Mateo County Superior Court on or around June 27, 2018. (*Id.* at 10.) The complaint contains a single cause of action for unlawful detainer. (*Id.*) The case is a "limited civil case," in which Plaintiff seeks immediate possession of a certain property located in Foster City, California, which Defendant occupies. (*Id.*)

On August 20, 2018, Defendant Steve Hoskins first removed the case to federal court,

1 asserting federal question jurisdiction. (Case No. 18-cv-5073-YGR, Dkt. No. 1 at 2.) On October 17, 2018, Judge Corley recommended that the motion be remanded back to state court due to lack of subject matter jurisdiction. (Case No. 18-cv-5073-YGR, Dkt. No. 16 at 2.) On November 8, 2018, the report and recommendation to remand was adopted and the case remanded to state court. (Case No. 18-cv-5073-YGR, Dkt. No. 20 at 1.)

On December 31, 2018, Defendant Annette filed the instant removal of the action to federal court on the grounds that it presents a federal question. (Not. of Removal at 2.) The notice of removal was almost identical to the August 20, 2018 notice of removal filed by Defendant Hoskins in the prior case.

On January 2, 2019, Plaintiffs filed a motion to remand. (Dkt. No. 4.)

## II. LEGAL STANDARD

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to

2

relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

### III. DISCUSSION

Defendant removed this unlawful detainer action from state court on the grounds that the district court has jurisdiction because the case presents a federal question.

Defendant claims that a federal question exists because she asserts that the complaint is actually based on the Protecting Tenants Act, 15 U.S.C. § 5220. (Not. of Removal at 2.) As previously explained by Judge Corley:

> [T]he removed complaint makes only a state-law claim for unlawful detainer. Defendant[']s allegation in his notice of removal that federal question jurisdiction exists under the Protecting Tenants Act, 12 U.S.C. § 5220 (the "PFTA") is unavailing--"federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense[.]"); *see also Deutsche Bank Nat. Tr. Co. v. Eaddy*, No. 12-CV-01845 YGR, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for subject matter jurisdiction.").

(Case No. 18-cv-5073-YGR, Dkt. No. 16 at 2.) Accordingly, Defendant's claim that there are issues under the Protecting Tenants Act does not establish federal question jurisdiction in this matter.

Lastly, the limited scope of unlawful detainer proceedings precludes cross-complaints or counterclaims. *See Knowles v. Robinson*, 60 Cal. 2d 620, 626-27 (1963). Thus, to the extent that Defendants' assertions could be contained in any such filing, they would, nonetheless, fail to introduce a basis for federal question jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be REMANDED to state court for further proceedings. In

3

light of the recommendation of remand sua sponte, the court further recommends that Plaintiff's motion to remand be terminated as moot. The Court GRANTS Defendant's request to proceed *in forma pauperis.*

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: January 8, 2019

KANDIS A. WESTMORE
United States Magistrate Judge